UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
:
KRISTEN STROMBERG CHILDERS, Ph.D.     :
:
      Plaintiff,     :
:
  v.     :     No. 2:14-cv-2439-GP
:
TRUSTEES OF THE UNIVERSITY OF     :
PENNSYLVANIA     :     *Electronically Filed*
:
      Defendant.     :
:
---------------------------------------------------------------x

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Trustees of the University of Pennsylvania ("Defendant" or "Penn"), by and through its undersigned attorneys, hereby responds to the numbered paragraphs in Plaintiff's Amended Complaint as follows:

### AMENDED COMPLAINT

It is admitted that Plaintiff has filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Pennsylvania Human Relations Act ("PHRA") and Section -1103(A)(1) of the Philadelphia Code. The remaining allegations in this paragraph are denied.

### JURISDICTION AND VENUE

1. The allegations in this paragraph state conclusions of law to which no responsive pleading is required.

2. The allegations in this paragraph state conclusions of law to which no responsive pleading is required.

## PARTIES

3. Admitted.

4. It is admitted that Defendant is an institution of higher education located at 3451 Walnut Street, Philadelphia, PA 19104.  The remaining allegations in this paragraph state conclusions of law to which no responsive pleading is required.

## FACTS

5. It is admitted that Plaintiff obtained her Ph.D. from Penn in 1998 and that she began as a professor in Penn's Department of History in spring of 2002.

6. It is admitted that Plaintiff published her first book, *Fathers, Families and the State in France, 1914-15,* in 2003.  The remaining allegations of this paragraph are denied.

7. It is admitted that Defendant's records reflect that Plaintiff took maternity leave during the spring semester of the 2003-04 academic year.  The remaining allegations in this paragraph characterize a policy, which is a written document, which speaks for itself, and therefore, no further response is required.

8. It is admitted that Plaintiff was reappointed to her position as a professor in Penn's Department of History after three years of faculty service.  The remaining allegations of this paragraph are denied.

9. It is admitted that Defendant's records reflect that during the 2007-08 academic year, Plaintiff was granted a half-time reduction in her teaching obligations only.  It is also admitted that, according to Defendant's records, Plaintiff's request for such an arrangement was related to the birth of her second child.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph..

10. It is admitted that Defendant's records reflect that Plaintiff was granted a half-time family leave at half pay during the 2008-09 academic year pursuant to its leave policy.

11. Admitted.

12. It is admitted that Plaintiff's 2008 application for tenured status was denied. Plaintiff's characterization of this denial and the possibility of resubmission are denied.

13. Denied.

14. It is admitted that there have been other tenure denials in the Penn Department of History, including denials of tenure to men. It is further admitted that those individuals, two women and two men, were denied tenure because they had less than the full support required for tenure due to concerns about productivity and strength of scholarship. Defendant also admits that tenure has been denied for lawful and legitimate reasons to candidates who had previously taken leave, and that tenure has also been granted to candidates who previously took leave.

15. The allegations in this paragraph characterize a policy, which is a written document, the contents of which speak for itself, and therefore, no response is required.

16. It is admitted only that, according to Defendant's records, Plaintiff did not request an extension of the tenure probationary period for the birth of her first child. It is further admitted that Defendant granted Plaintiff a one-year extension of her tenure probationary period in connection with the birth of her second child. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received advice regarding a request for an extension for the birth of her first child. The remaining allegations in this paragraph characterize a policy which is a written document, which speaks for itself, and therefore, no further response is required.

17. The allegations in this paragraph characterize a policy which is a written document, which speaks for itself, and therefore, no response is required.

18. The allegation that Plaintiff "became eligible for consideration for promotion to tenured Associate Professor in the 2009-10 academic year" is denied.  Defendant admits that Plaintiff was reviewed for tenure in spring 2010 and that for the purpose of such review, Plaintiff submitted a new dossier.  The allegation that under Defendant's policy such submission should have been considered "entirely new" is denied.  The remaining allegations in this paragraph concerning the manner in which such dossier was to be evaluated purport to characterize a policy which is a written document, which speaks for itself.

19. It is admitted that Defendant's records reflect that by the time she was considered again for promotion with tenure, Plaintiff had been approved for a fellowship from the National Humanities Center, which she declined, and that Plaintiff had entered into a contract for publication of a book with Oxford University Press; such book has yet to be published.  The remaining allegations of this paragraph purport to characterize Plaintiff's tenure dossier, which did not reflect a level of scholarly productivity and reputation sufficient to justify granting her tenure, and are therefore denied.

20. Denied.

21. It is admitted that the History Department voted on Plaintiff's candidacy for promotion with tenure by a vote of 26 to 5, with one abstention.

22. Admitted.

23.  It is admitted only that the Dean of SAS, Rebecca Bushnell, provided a qualified recommendation for Plaintiff's promotion to Associate Professor with tenure.  It is further

admitted that Dean Bushnell acknowledged that there would be considerable discussion of the case at the Provost's Staff Conference. The remaining allegations of this paragraph are denied.

24. Defendant admits that the Provost's Staff Conference did not support Plaintiff's candidacy for promotion with tenure. The remaining allegations of this paragraph are denied.

25. Denied.

26. Denied. By way of further response, another candidate, Dr. Ronald Granieri, also was denied tenure following review by the Provost's Staff Conference, despite having stronger support from the Department of History and a stronger teaching record.

27. Admitted.

28. It is admitted that Plaintiff's employment with Penn ended on or about June 30, 2010.

29. Defendant denies that Plaintiff's maternity and/or FMLA leave and extension of the tenure probationary period were factors in the decision not to grant her promotion and tenure. To the extent that the remaining allegations of this paragraph purport to characterize a policy which is a written document, which speaks for itself.

30. Denied.

31. It is admitted that candidates for tenure have been denied such promotions based on their qualifications, including male and female assistant professors and some who have taken leaves of absence. The remaining allegations of this paragraph are denied.

32. The allegations in this paragraph purport to characterize a written document and do so in a misleading fashion and are therefore denied.

33. Denied.

34. The allegation that there is "evidence of bias" is denied as to Penn. Penn lacks knowledge or information to form a belief as to the truth of the allegations insofar as they relate

to other academic institutions.  The remaining allegations in this paragraph characterize a study, a written document, which speaks for itself and therefore, no response is required.

35. Denied.

36. Denied.

37. It is admitted that Plaintiff filed a grievance in October 2010.  The remaining allegations in this paragraph characterize a written policy, which speaks for itself and therefore, no further response is required.

38. It is admitted that on February 2, 2011, the Faculty Grievance Commission decided to accept Plaintiff's request for a grievance hearing.  The remaining allegations in this paragraph characterize a written policy, which speaks for itself and therefore, no further response is required.

39. The allegations in this paragraph characterize a written document, which speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth about the reason Plaintiff amended her grievance.

40. Defendant admits that the Faculty Grievance Commission reviewed Plaintiff's grievance, which was based on alleged arbitrary and capricious actions, discrimination and actions not in compliance with University procedures or regulations.  It is also admitted that on February 2, 2011, after due consideration, the Commission concluded that only the alleged discrimination and actions not in compliance with University procedures or regulations were appropriate for the panel to consider.

41. It is admitted that the initial three member grievance hearing panel was comprised of two white males and a female who was also a person of color.  The remaining allegations in this

paragraph characterize a written policy, which speaks for itself and therefore, no response is required.

42. It is admitted that the Respondent is entitled to two peremptory challenges and decided to exercise one of them.  It is also admitted that the Respondent exercised this challenge to the placement of an individual on the panel who was female and a person of color.  It is denied that the challenge was exercised because of the gender or race of the challenged individual.  The remaining allegations in this paragraph characterize a written policy, which speaks for itself and therefore, no further response is required.

43. It is admitted that Plaintiff objected to the use of a peremptory challenge to the Faculty Grievance panel.  The remaining allegations in this paragraph state conclusions of law to which no responsive pleading is required.  To the extent the allegations of this paragraph are intended to suggest that gender was a factor in the challenge, they are denied.

44. It is admitted that the decision on whether the peremptory challenge was proper was made by the Faculty Grievance Commission, not the panel.  It is also admitted that the Commission granted the challenge.  Defendant also admits that the replacement panel member was a White male; however, Defendant denies that the selection of the replacement panel member was based on any race or gender.

45.  It is admitted that the panel convened on May 17 and 20, 2011.  It is also admitted that the Faculty Grievance Panel consisted of Professor Thomas Daniels, Associate Professor Douglas Epstein and Professor Roch Guerin, with assistance from Mr. Elliot Platt, Legal Officer.  Defendant admits that Daniels, Epstein and Guerin are White males.

46. It is admitted that the following individuals were present at the meetings on May 17 and 20, 2011:  Professor Daniels, Associate Professor Epstein, Professor Guerin, with assistance

from Mr. Platt. Mr. Platt was the Legal Officer to the Faculty Grievance Commission. Also in attendance were: Plaintiff, assisted by Professor Jonathan Steinberg and Vice Provost Andrew Binns, who was assisted by Professor Dorothy Cheney. It is admitted that Plaintiff's counsel was not present during the hearing. The remaining allegations in this paragraph characterize a written policy, which speaks for itself and therefore, no further response is required.

47. It is admitted that the Faculty Grievance Panel issued its decision on May 23, 2011 and that it found no evidence of gender discrimination. The panel recommended that Plaintiff be granted a reevaluation of her case at the Provost's Staff Conference in view of statements within letters from the School of Arts & Sciences Personnel Committee and dean, which statements would be redacted upon rehearing. The remaining allegations in this paragraph characterize a written document, which speaks for itself and therefore, no further response is required.

48. It is admitted that the panel found no evidence of gender discrimination. The remaining allegations of this paragraph are denied.

49. Admitted.

50. It is admitted that, as the officer charged with maintaining Penn's promotion policies and procedures, the Vice Provost took the panel's recommendations under consideration and agreed to grant a reevaluation of Plaintiff's case for tenure at the Provost's Staff Conference. Defendant also admits that the Vice Provost offered to reconvene the Provost Staff Conference for a new review of Plaintiff's case for tenure prior to the grievance hearing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

51. It is admitted that the provost expressed disagreement with the panel's rationale for its recommendation, but nevertheless agreed to have Plaintiff's candidacy for promotion with tenure

reheard by the Provost's Staff Conference. The remaining allegations of this paragraph are denied.

52. The allegations in this paragraph characterize a written document, which speaks for itself and therefore, no response is required.

53. Denied.

54. Denied.

55. It is admitted that Plaintiff filed a charge of discrimination against Penn with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). It is also admitted that the PHRC issued a dismissal and notice of right to sue on May 17, 2013. The EEOC issued its dismissal and notice of right to sue on July 16, 2013. It is further admitted that the parties entered into a tolling agreement.

## COUNT I – VIOLATION OF TITLE VII

56. Defendant incorporates its responses to the allegations set forth above.

57. Denied.

## COUNT II – VIOLATION OF THE PHRA

58. Defendant incorporates its responses to the allegations set forth above.

59. Denied.

## COUNT IIIV[1] – VIOLATION OF THE PHILADELPHIA FAIR PRACTICES ORDINANCE

60. Defendant incorporates its responses to the allegations set forth above.

61. Denied.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff purports to demand a jury trial.

---

[1] Count IIIV should read Count III.

Defendant denies that Plaintiff entitled to any relief or damages, including the relief described in the "WHEREFORE" paragraphs (62 (a)-(f)).

## SEPARATE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to satisfy the applicable statutes of limitations and/or filing periods.

### SECOND DEFENSE

Plaintiff's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages, the existence of which are denied.

### THIRD DEFENSE

Any emotional distress suffered by Plaintiff was not caused by Penn or its agents.

### FOURTH DEFENSE

Penn's actions with respect to Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory factors.

### FIFTH DEFENSE

Penn acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination and retaliation and harassment, including harassment based on gender, and otherwise exercised reasonable care to prevent and correct promptly any discrimination, retaliation or harassment to which Plaintiff claims she was subjected.  Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Penn or to avoid harm otherwise.

## **SIXTH DEFENSE**

Even if Plaintiff can establish that gender was a motivating factor for any adverse employment action, which it was not, her remedies are barred or diminished because Penn would have taken the same action(s) in the absence of any impermissible motivating factor.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that judgment be entered in Defendant's favor, and that Defendant be awarded the costs of this action, attorneys' fees, and such other relief as this Court deems appropriate.

## **DEFENDANT'S DEMAND FOR JURY**

Defendant demands a jury trial.

Respectfully submitted,

/s/ Jeffrey A. Sturgeon
Jeffrey A. Sturgeon (Id. No. 93750)
Michael L. Banks (Id. No. 35052)
Jocelyn L. Womack (Id. No. 308345)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel. 215.963.5000; Fax  215.963.5001

Dated:  July 17, 2014                           *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2014 a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was served on the following via ECF:

Ronald H. Surkin, Esquire
GALLAGHER, SHOENFELD, SURKIN, CHUPEIN & DEMIS, P.C.
25 W. Second St., P.O. Box 900
Media, PA 19063
*Attorneys for Plaintiff*

      /s/ Jeffrey A. Sturgeon
JEFFREY A. STURGEON